IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JSH'NICE CAIN**                                                                                           **PLAINTIFF**

v.                                                    CIVIL ACTION NO.: 3:24-cv-244-KHJ-MTP

**JACKSON PUBLIC SCHOOL DISTRICT**                                          **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Plaintiff Jsh'Nice Cain's Motion for Payment of Costs and Fees Pursuant to Rule 4(d)(2) [8]. Having considered the Motion [8] and the applicable law, the Court finds that the Motion should be DENIED.

## BACKGROUND

Plaintiff filed her Complaint [1] on May 1, 2024, asserting claims against Defendant Jackson Public School District under the Family Medical Leave Act and the Americans with Disabilities Act. The next day, Plaintiff requested a waiver of service from Defendant.[1] *See* [2]. Her request for waiver of service was never returned, so Plaintiff had Defendant personally served.

Plaintiff now seeks to recover $1,200.04 in costs and attorney's fees related to serving Defendant with process following its failure to return the request to waive service. This includes $1,148.00 in attorney's fees for preparing and filing the instant Motion [8]; $2.04 for postage concerning the sent request for waiver; and $50.00 for service of process upon Defendant.

---

[1] Plaintiff sent Defendant, by first class mail, "a copy of the Complaint; the notice form appended to Rule 4 which identified the Court, identified the date of mailing, informing them of the consequences of waiving and not waiving service, and giving 30 days to respond; two copies of a waiver form appended to Rule 4; and a prepaid means for returning the form." [9] at 1.

Defendant did not file a response or objection to the Motion [8] despite having an opportunity to do so and despite its apparent indication that it would oppose the relief requested. *See* [8] at 1; [9] at 1.  The Court could therefore grant the Motion [8] as unopposed.  *See* L.U. Civ. R. 7(b)(3)(E).[2]  Notwithstanding Defendant's silence, the Court is not convinced that Rule 4(d) provides the relief requested in Plaintiff's Motion [8].

## ANALYSIS

Rule 4(d) provides that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff ..., the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."  Fed. R. Civ. P. 4(d)(2).  Plaintiff bears "the burden to show entitlement to costs and fees under" the rule. *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 508 (5th Cir. 2004).

Significantly, "Rule 4's mandatory waiver provisions apply *only* to '[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h).'" *Moore v. Hosemann*, 591 F.3d 741, 746 (5th Cir. 2009) (quoting Fed. R. Civ. P. 4(d)(1) (emphasis added)).  Rule 4(e) governs serving an individual in a judicial district of the United States.  Rule 4(f) governs serving an individual in a foreign country.  Rule 4(h) governs serving a corporation, partnership, or association.

In Mississippi, school districts are political subdivisions,[3] and a party suing a school district must comply with the service requirements set forth in Fed. R. Civ. P. 4(j)—not Rule

---

[2] "If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L.U. Civ. R. 7(b)(3)(E).

[3] Miss. Code Ann. § 37-6-5.

4(e), (f), or (h).[4]  *See Boudy v. McComb Sch. Dist.*, 2023 WL 4831412, at *2 (S.D. Miss. July 27, 2023); *Price v. Tunica Cnty. Sch. Dist.*, 2020 WL 7081597, at *4 (N.D. Miss. Dec. 3, 2020). As such, Defendant is not subject to the mandatory waiver- and cost-shifting provisions of Rule 4(d), and Plaintiff has failed to demonstrate that she is entitled to costs and fees for either service or the filing of the Motion [8]. *Hosemann*, 591 F.3d at 746.

IT IS, THEREFORE, ORDERED that the Motion for Payment of Costs and Fees Pursuant to Rule 4(d)(2) [8] is DENIED.

SO ORDERED, this the 10th day of September, 2024.

s/Michael T. Parker<br>
United States Magistrate Judge

---

[4] Fed. R. Civ. P. 4(j) governs serving a state or local government. Thus, pursuant to Rule 4(j), a party suing a school district must serve a school district through its chief executive officer or in accordance with Mississippi state law.