**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JSH'NICE CAIN**                                                                    **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.: 3:24-cv-244-KHJ-MTP**

**JACKSON PUBLIC SCHOOL DISTRICT**                                      **DEFENDANT**

### ORDER AWARDING DEFENDANT ATTORNEY'S FEES

THIS MATTER came before the Court for a settlement conference on March 4, 2025.
As noted in the Case Management Order [12], the settlement conference was scheduled during
the case management conference on September 6, 2024.  Before the settlement conference
transpired, the Court entered an Order [22] on January 27, 2025, that reminded the parties of the
time and date for the March 4, 2025, settlement conference.  The Court's Order [22] also
required that all parties and/or representatives with full settlement authority must be present at
the conference.  [22] at 1.

On March 4, 2025, the undersigned attempted to conduct the settlement conference as
scheduled.  Defense counsel and a representative with full settlement authority on Defendant's
behalf appeared at the conference, as did Plaintiff's counsel.  But Plaintiff did not attend.  So the
undersigned canceled the settlement conference.  The Court then entered an Order to Show
Cause [26] and directed Plaintiff to show cause why Defendant's costs and fees for attending the
conference should not be assessed to her or other sanctions imposed for her failure to appear and
comply with the Court's Orders.

Plaintiff filed her Response [27] to the Order to Show Cause [26] on March 14, 2025.
According to Plaintiff, she failed to properly document the date of the settlement conference in
her calendar and failed to secure leave from work to attend the conference.  Moreover, she

1

asserts that she was "in testing and unable to leave at the time her attorney notified her that the Court was asking about her whereabouts." [27] at 1. Plaintiff confessed her liability and her willingness to "pay a sanction of $125.00, which is approximately equal to the 0.5 hours at $250/h[ou]r which [defense counsel] likely billed the [Defendant] for his attendance." *Id*.

On March 24, 2025, Defendant filed its Reply [30] to Plaintiff's Response [27]. Defendant scoffs at Plaintiff's willingness to pay $125.00 in sanctions and urges the Court to instead dismiss this action for Plaintiff's failure to comply with the Court's Orders. Alternatively, Defendant requests that Plaintiff be ordered to pay sanctions totaling $3,105.00[1] "to compensate [Defendant] for its wasted time and resources, including the effort to reply to Plaintiff's Response." [30] at 4.

## ANALYSIS

"On motion or on its own, the court may issue any just orders ... if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference ... or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A),(C). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses— including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). This court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman,* 3 F.3d 931, 934 (5th Cir.1993); *see also Shipes v.*

---

[1] This amount derives from Defendant's assertion that its counsel and its general counsel who attended the settlement conference are each entitled to $450.00 per hour for 4.8 hours collectively, or $2,160.00. Additionally, this amount includes defense counsel's time spent preparing Defendant's Reply [30] to Plaintiff's Response [27], wherein he claims to have spent 2.1 hours at $450.00 per hour, totaling $945.00. Thus, $2,160.00 + $945.00 = $3,105.00.

*Trinity Indus.,* 987 F.2d 311, 323 (5th Cir.1993) ("The imposition of sanctions is a matter of discretion for the district court.") (citation omitted).

The Court finds that Plaintiff's failure to "properly document the date of the hearing in her calendar" and her failure to "secure leave from work" during "testing" do not substantially justify her noncompliance with the Court's Orders [12] [22]. Plaintiff certainly had sufficient notice regarding the date of the settlement conference. *See* Case Management Order [12] (entered September 6, 2024); Order [22] (entered January 27, 2025). Accordingly, the Court finds that sanctions are warranted for Plaintiff's failure to comply with the Court's Orders and for her failure to attend the settlement conference.

### *Dismissal*

Preliminarily, the Court rejects Defendant's demand that this matter should be dismissed for Plaintiff's failure to comply with Court Orders and for her failure to attend the settlement conference. Dismissals for failure to comply with court orders are appropriate only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted).

Here, there is no clear record of delay or contumacious conduct by Plaintiff, and the Court has no reason to believe that lesser sanctions cannot resolve the dispute. Instead, and pursuant to Fed. R. Civ. P. 16(f), the Court finds that Defendant should be awarded its reasonable attorney's fees for Plaintiff's failure to attend the March 4, 2025, settlement conference.

*Attorney's Fees*

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorneys' fees, multiplying the number of hours spent on the matter by a reasonable hourly rate for such work in the community. *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016). "Reasonable hourly rates are typically calculated through affidavits submitted by attorneys practicing in the community in which the district court is located." *Auto Parts Mfg. Miss. Inc. v. King Constr. of Houston, LLC*, 258 F. Supp. 3d 740, 754 (N.D. Miss. 2017) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). In considering the award, the Court considers the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] *See Combs*, 829 F.3d at 392.

The parties dispute the amount that Plaintiff should pay. Plaintiff says that she is willing to pay $125.00 in sanctions on the assumption that defense counsel "likely billed" $250.00 per hour to attend the settlement conference, which only lasted thirty minutes. Plaintiff further states that the Defendant's general counsel who attended the settlement conference is salaried, so "the district incurred no additional costs connected with her attendance."

Defendant's counsel rejects Plaintiff's assumptions and calculations and argues that he should be entitled to $450.00 per hour. He further argues that the time spent preparing for and

---

[2] The Johnson factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 257 n.3 (5th Cir. 2018).

attending the settlement conference by Defendant's general counsel "is at least as valuable as" defense counsel's time, so she should also be awarded $450.00 per hour.

First, the Court declines to award any compensation for the time spent by Defendant's general counsel preparing for and attending the settlement conference. Defendant's general counsel is not an attorney of record for Defendant in this matter. And she did not attend the settlement conference in her capacity as an attorney. Rather, Defendant's general counsel attended the settlement conference as Defendant's representative with full settlement authority. So the Court declines to award any attorney's fees incurred by Defendant's general counsel. And in any event, the Court would not award fees for two attorneys to attend the settlement conference.

The Court now considers the reasonable attorney's fees due to Defendant's counsel of record, although he fails to identify his hourly rate. He claims only that, as a matter of "equity," he should receive $450.00 per hour because that is the amount Plaintiff's counsel "has repeatedly sought" for his own services. Additionally, Defendant's counsel has not provided a declaration or affidavit from any other attorney establishing the customary hourly rate for a lawyer with seven years of experience in his community.[3]

The Court, however, may look to other Mississippi District Court decisions to determine the prevailing rate. *See Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761 (5th Cir. 1996);

---

[3] Plaintiff estimated a $250.00 per hour rate for defense counsel because he has "less than ten years of experience" and cited a case awarding fees to an attorney with seven years of experience. According to the Mississippi Bar, defense counsel was admitted to the practice of law in Mississippi in 2016. *See* https://msbar.reliaguide.com/lawyer/search?name.contains=brett%20koehn&memberTypeId.equals=0 (last visited March 26, 2025). Defendant's counsel, however, does not provide his years of experience and says only that he is an "experienced litigator in this jurisdiction." So the Court considers the hourly rate for an attorney with seven years of experience.

*Pickett v. Miss. Bd. of Animal Health*, 2021 WL 4979009 (S.D. Miss. Oct. 26, 2021).  Having done so, the Court finds that an attorney with seven years of experience may be awarded between $200.00 and $220.00 per hour.  *See Benham v. City of Jackson, Miss.*, 2022 WL 2033333, at *11 (S.D. Miss. June 5, 2022); *Sunbelt Rentals, Inc. v. Parish Corp.*, 2021 WL 538936, at *2 (S.D. Miss. Feb. 15, 2021).  Consequently, the Court finds that a $220.00 hourly rate for Defendant's counsel is reasonable based on the local market.

The Court next considers the hours for which Defendant's counsel claims he should be compensated.  Regarding the hours expended, "[t]he Fifth Circuit has emphasized that district courts should reduce attorneys' fees awards where attorneys do not exercise billing judgment, i.e., exclude 'unproductive, excessive, or redundant hours.'"  *Brown v. Ascent Assurance, Inc.*, 191 F. Supp. 2d 729, 733 (N.D. Miss. 2002) (quoting *Walker*, 99 F.3d at 770)).  The Court is mindful, though, that its "goal ... is to do *rough* justice, not to achieve auditing perfection."  *Fox v. Vice*, 563 U.S. 826, 838 (2011) (emphasis added).

Here, Defendant's counsel says that he spent 2.4 hours preparing for and attending the settlement conference and 2.1 hours preparing and drafting Defendant's Reply [30], or a total of 4.5 hours.  The Court finds that Defendant is not entitled to the entirety of the 4.5 hours for which he seeks compensation.  Defendant's counsel should instead be awarded a total of 2.25 hours in preparing for and attending the settlement conference[4] and for drafting the Reply [30].[5]

---

[4] Plaintiff rebuts defense counsel's time spent preparing for the settlement conference and says such time was not "wasted" because the settlement conference "will be rescheduled." [31] at 3. This position assumes this case will remain stale until such another conference is held.  In the event another settlement conference is scheduled, Defendant will have to prepare yet again and account for any updates to the case.  Still, the Court finds that much of the time spent in preparation should not be counted as the Defendant will receive the benefit of it for the next conference.

[5] In her Rebuttal [31], Plaintiff argues that Defendant should not be awarded any time for drafting its Reply [30] to her "two short paragraph[]" Response [26].  [31] at 4.  But the Court

Therefore, Defendant's counsel should be awarded $220.00 per hour for 2.25 hours for a total sum of $495.00.

IT IS, THEREFORE, ORDERED that Defendant is awarded reasonable attorneys' fees in the amount of $495.00. Plaintiff shall pay to Defendant, through Defendant's counsel, the sum of $495.00 in sanctions on or before April 25, 2025.

SO ORDERED, this the 26th day of March, 2025.

s/Michael T. Parker
United States Magistrate Judge

---

invited Defendant to file a reply. In any event, the Court has not provided Defendant the full amount requested in so preparing its Reply [30].