UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JSH'NICE CAIN                                                                PLAINTIFF

V.                                          CIVIL ACTION NO. 3:24-CV-244-KHJ-MTP

JACKSON PUBLIC SCHOOL                                              DEFENDANT
DISTRICT

ORDER

Before the Court are 14 motions in limine—8 from Plaintiff Jsh'Nice Cain ("Cain") and 6 from Defendant Jackson Public School District ("the District"). *See* Pl.'s Mot. in Lim. [60]; Def.'s Mots. in Lim. [54–59]. The Court grants some and denies others.

I.   Standard

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *White v. Dolgencorp, LLC*, No. 3:21-CV-738, 2023 WL 2703612, at *1 (S.D. Miss. Mar. 29, 2023) (citation modified). "Accordingly, evidentiary rulings addressing broad classes of evidence should often

be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context." *Id.* (citation modified).

"An order granting a motion in limine does not preclude the losing party from revisiting the issue at trial, outside the jury's presence." *United States v. Bryan*, No. 3:21-CR-17, 2023 WL 8100552, at *1 (S.D. Miss. Nov. 21, 2023).

II. Analysis

The Court starts with Cain's [60] Motion. Then, it turns to the District's [54–59] Motions.

    A. Cain's [60] Motion

Cain moves to exclude eight categories of evidence and arguments: (1) untimely arguments on the Family and Medical Leave Act ("FMLA"), (2) the definition of "hours worked," (3) reasons for FMLA denial that were not raised at the time of denial, (4) matters resolved at summary judgment or "dropped," (5) prior arguments or allegations of misconduct, (6) references to motions in limine, (7) private information in medical records, and (8) documents, things, or witnesses not identified in initial disclosures or discovery. [60] at 1–4.

The District does not oppose the exclusion of categories 4–8. *See* Def.s' Resp. to Pl.'s Mot. in Lim. [65]. Accordingly, the Court grants Cain's [60] Motion as to categories 4–8 as unopposed. The Court addresses each remaining category in turn.

        1. Untimely arguments on the FMLA

The Court denies Cain's request to exclude "any evidence or mention of arguments that [Cain] is ineligible for FMLA that were not the subject of timely, FMLA-compliant notice to [Cain]." [60] at 1–2. Cain specifies that she wants the

2

Court to exclude "any claim that [she] did not work the 1,250 hours to be eligible for the FMLA, failed to give 30-days notice of her need for FMLA, or had run out of the 12 available weeks of FMLA." *Id.* An issue of fact exists as to whether the District timely and properly notified Cain that she was ineligible for FMLA leave. *See* [65] at 4. Therefore, the Court declines to exclude such evidence because it is not "clearly inadmissible on all potential grounds." *White*, 2023 WL 2703612, at *1 (citation modified).

      2.  The definition of "hours worked"

The Court grants Cain's request to exclude "any evidence or mention of arguments concerning the number of 'hours worked' that are contrary to the legal definition of what hours count as 'hours worked' under the FMLA." [60] at 2. Cain argues "it would be contrary to the law to present any argument that the only hours which count are those worked at the worksite, or that hours worked without explicit Board authorization do not count." *Id.*

Because federal statutes confirm hours worked at home may be counted toward an employee's total work hours, the Court grants the [60] Motion as to category two. *See* 29 C.F.R. § 825.110(c)(1); 29 C.F.R. § 785.12. But this Order merely precludes misstatements of the statute. The District cannot argue that hours Cain worked from home do not count toward her total hours worked. The District may still dispute whether Cain worked from home or how often she worked from home.

3

3. Reasons for FMLA denial that were not raised at the time of denial

The Court denies Cain's request to exclude "any evidence or mention of arguments about Plaintiff meeting FMLA requirements that were not raised by Defendant as a basis for denying FMLA at the time it was denied." [60] at 2. As part of Cain's prima facie interference case, she must show she was entitled to leave under the FMLA and gave proper notice of her intention to take FMLA leave. *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013) (per curiam). Therefore, evidence and arguments discussing whether Cain was entitled to FMLA leave and gave proper notice of her intention to take FMLA leave are relevant here. The Court denies the [60] Motion as to category three.

B. The District's [54–59] Motions

The District filed six motions in limine to exclude the following categories of evidence and arguments:

- Undocumented or speculative work hours [54],
- Dismissed claims [55],
- Contradictory testimony and declarations inconsistent with prior sworn statements [56],
- FMLA leave as an Americans with Disabilities Act ("ADA") accommodation [57],
- Failure to preserve the District's records [58],
- Hearsay medical statements [59].

Cain does not oppose the District's [55] Motion seeking to exclude evidence and arguments about dismissed claims. Pl.s' Resp. to Def.'s Mot. in Lim. [63] at 1. Accordingly, the Court grants the [55] Motion as unopposed.

The Court addresses each remaining category in turn.

1. Undocumented or speculative work hours

The Court denies the District's request to exclude evidence and arguments "regarding alleged additional work hours that [Cain] claims to have performed from home." [54] at 1. The District claims Cain should not be permitted to show evidence or argue that she worked from home because she cannot calculate the exact hours worked. *Id.* The Court disagrees. Hours worked from home may count toward an employee's total work hours, so the Court denies this motion. *See supra* p. 3; 29 C.F.R. § 825.110(c)(1); 29 C.F.R. § 785.12.

2. Contradictory testimony and declarations inconsistent with prior sworn statements

The Court denies the District's request to exclude evidence or arguments "contradicting Plaintiff's prior sworn testimony and medical documentation regarding her disability period and work capacity, particularly any claim that she could have returned to work before 12 weeks." [56] at 1. The District points out that Cain first said she could return to work with accommodations, then she claimed she could not return to work for 12 weeks post-op. *Id.* On that basis, the District moves to exclude these "contradictions" because they "cannot be reconciled." *Id.*

But Cain has explained the reason for these discrepancies. *See* Cain depo. [49-1] at 35. The District may cross-examine Cain on the "contradictions" and present evidence and testimony at trial to rebut Cain's allegations as appropriate. So the Court finds no reason to exclude such evidence and arguments.

3. FMLA leave as an ADA accommodation

The Court denies as moot the District's request to exclude evidence or arguments suggesting that FMLA leave constitutes a reasonable accommodation under the ADA. [57] at 1. The Court granted summary judgment for the District on Cain's ADA claims, so Cain's ADA claims are no longer at issue. [69] Order. Accordingly, this motion is denied as moot.

4. Failure to preserve the District's records

The Court denies the District's request to exclude evidence or arguments supporting the idea that the District "destroyed, lost, or failed to maintain or preserve timesheet records or other employment documentation." [58] at 1. The Court agrees with Cain's contention that "[i]f the jury is asked to determine how many hours Cain worked, it will need to understand what these payroll records do and do not prove." [64] at 6. So evidence and arguments about timesheet records and other employment documentation are relevant, and the Court finds no reason to exclude such evidence.

5. Hearsay medical statements

The Court denies the District's request to exclude "any hearsay statements from medical providers who will not testify at trial." [59] at 1. The District is specifically concerned with Cain's "characterization that her doctor was 'mistaken'" about her ability to return to work post-op. *Id.* Whether this assertion qualifies as hearsay depends on the purpose for which it is being offered. *See* Fed. R. Evid. 801(c). Cain has suggested several purposes for which she may use this evidence. [64] at 7. So the Court cannot say that all such evidence is "clearly inadmissible on

6

all potential grounds." *White*, 2023 WL 2703612, at *1 (citation modified). Therefore, the Court denies this motion, but the District may renew its motion if it comes up in the context of trial. *See White*, 2023 WL 2703612, at *1 (citation modified); *see also United States v. Bryan*, 2023 WL 8100552, at *1.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. In summary:

- The Court denies Cain's [60] Motion as to categories 1 and 3.
- The Court grants Cain's [60] Motion as to category 2.
- The Court grants as unopposed Cain's [60] Motion as to categories 4–8.
- The Court denies the District's [54], [56], [57], [58], and [59] Motions.
- The Court grants as unopposed the District's [55] Motion.

**The parties shall inform all their witnesses of the Court's in limine rulings to avoid violating the Court's order.**

SO ORDERED, this 22nd day of September, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
