IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JSH'NICE CAIN**                                                                       **PLAINTIFF**

**VS.**                                         **CIVIL CAUSE NO.: 3:24-cv-00244-KHJ-MTP**

**JACKSON PUBLIC SCHOOL DISTRICT**                            **DEFENDANT**

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANT'S MOTION FOR RECONSIDERATION</u>**

## I. INTRODUCTION

This Court's Order correctly granted summary judgment on Plaintiff's ADA claims but found genuine issues of material fact on her FMLA claims, including whether she had exhausted her 12-week entitlement. The Court noted JPS "seemingly abandons its exhaustion argument in its [52] Reply." Order at 12. This observation, respectfully, reflects a misapprehension of JPS's litigation position. JPS never abandoned its exhaustion defense—rather, it emphasized in its Reply the strongest bases for summary judgment while maintaining all arguments through preserved documentary evidence and broad assertions of ineligibility. Because the undisputed facts establish Plaintiff's FMLA exhaustion as a matter of law, reconsideration is warranted.

## II. STANDARD FOR RECONSIDERATION

A Rule 59(e) motion may be granted to "correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2003).

## III. ARGUMENT

The Court's observation that JPS "seemingly abandons" the exhaustion argument reflects an understandable but incorrect interpretation of JPS's Reply Brief. Multiple factors demonstrate JPS preserved this argument:

JPS's Reply Brief states unequivocally: "Plaintiff cannot demonstrate she engaged in

protected activity because she was ineligible for FMLA protection." [Doc. 52] at 5. This comprehensive statement necessarily encompasses all bases for ineligibility briefed in JPS's opening motion—including both the 1,250-hour requirement, lack of proper notice, and the 12-week exhaustion.

JPS's Reply emphasizes that its "records well meet the FMLA record keeping requirements" and that Plaintiff "has no proof now to dispute the accuracy of JPS's records." [Doc. 52] at 4-5. These records—which JPS consistently relied upon—establish both insufficient hours and prior exhaustion of leave.

Specifically, the same payroll and attendance records [Doc. 44-13] that document only 880 hours worked also show Plaintiff's use of 12 weeks of FMLA from December 29, 2021, through April 8, 2022. By defending the integrity and completeness of these records, JPS necessarily maintained all ineligibility arguments they support.

Additionally, JPS's opening brief thoroughly established the exhaustion argument [Doc. 45 at 5-6]. Plaintiff's Response primarily contested the 1,250-hour requirement and notice issues, providing limited challenge to exhaustion beyond arguing her allotment "refreshed" on December 29, 2022.

Moreover, JPS's Reply includes a footnote highlighting that Plaintiff "knew she would be out for an amount of time past her days off," which is "why she requested additional leave under the FMLA." [Doc. 52] at 6 n.2. This discussion only makes sense in the context of exhaustion—why else would it matter that she needed leave "past her days off" unless her FMLA entitlement was already exhausted?

Plaintiff's December 20-21 absence requests fall squarely within the exhaustion period. While her annual entitlement would "refresh" on December 29, 2022, this does not retroactively

provide coverage for December 20-21.

Because JPS preserved its exhaustion argument and the undisputed facts establish exhaustion as a matter of law, this Court should reconsider its finding of a genuine issue of material fact. The documentary evidence—unchallenged on this point—proves Plaintiff had no FMLA leave available for December 20-21, 2022, the dates that triggered this entire sequence of events.

At any rate, JPS's exhaustion argument on summary judgment should not be considered or interpreted as "dropped" and excluded from presentation at trial under the Court's Order granting some of the parties' Motions in limine and denying others [Dkt. #70].

## IV. CONCLUSION

JPS respectfully requests this Court reconsider its September 22, 2025 Order to the extent it found JPS abandoned its 12-week exhaustion argument and found a genuine issue of material fact on this issue. The record establishes JPS preserved this argument through its comprehensive assertion of FMLA ineligibility and continued reliance on documentary evidence proving exhaustion. Moreover, the undisputed facts demonstrate Plaintiff's exhaustion of her 12-week entitlement as a matter of law.

JPS requests the Court:

1. Grant this Motion for Reconsideration;

2. Find JPS did not abandon its 12-week exhaustion argument;

3. Grant summary judgment on Plaintiff's FMLA claims based on her exhaustion of leave; and

4. Award such other relief as the Court deems just and proper.

Respectfully submitted this day, September 30, 2025.

JACKSON PUBLIC SCHOOL DISTRICT

By:       s/*Brett Koehn*
BRETT KOEHN (MSB #105352)
Brett Koehn, P.C., Attorney
736 S. President St., Ste. 201
Jackson, MS 39201
Tel: 769-487-6264 office
Tel: 601-616-7137 mobile
Email: brett@brettkoehnlaw.com
*ATTORNEY FOR DEFENDANT,*
*JACKSON PUBLIC SCHOOL DISTRICT*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

**Joel F. Dillard**
JOEL F. DILLARD, PA
775 N. Congress St.
Jackson, MS 39202
601-509-1372
Fax: 601-509-1372
Email: joel.f.dillard@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin Thomas Hanlon**
JOEL DILLARD, P.A.
775 N. Congress St.
Jackson, MS 39202
601-509-1372
Fax: 601-509-1372
Email: kevin@joeldillard.com
*ATTORNEY TO BE NOTICED*

So certified, September 30, 2025.

      s/*Brett Koehn*
BRETT KOEHN (MSB #105352)

4