UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JSH'NICE CAIN                                                                                          PLAINTIFF

V.                                            CIVIL ACTION NO. 3:24-CV-244-KHJ-MTP

JACKSON PUBLIC SCHOOL                                                                       DEFENDANT
DISTRICT

ORDER

Before the Court is Plaintiff Jsh'Nice Cain's ("Cain") [83] Motion to Provide Testimony by Deposition. The Court denies this motion.

The Court held a Pretrial Conference on September 4, 2025. Minute Entry 09/04/2025. Then, the Court set a firm trial date: November 17, 2025. Firm Trial Setting 09/04/2025. Cain filed this [83] Motion yesterday—two months after the Pretrial Conference and four days before trial. She requests permission for Dr. Penny Jo Lawin to testify by deposition rather than in person at trial. [83]. Cain wants to depose Dr. Lawin this Friday, November 14, 2025. Mem. in Supp. [84] at 1.

Cain claims that she and Defendant Jackson Public School District ("the District") previously agreed that Dr. Lawin's doctor's note would be admissible as a joint exhibit. [84] at 2. Then, "on Monday, November 10, 2025, the District withdrew agreement" and interposed objections to the doctor's note, making it "more important than ever that Dr. Lawin testify." *Id.* Cain says Dr. Lawin was served with a subpoena to testify, but Dr. Lawin's counsel responded that Dr. Lawin "is booked with patients throughout the week in which trial is scheduled." *Id.* So

rather than testifying live at trial, Cain suggests Dr. Lawin testify via video deposition the Friday before trial. *Id.* at 2–3.

The Court rejects Cain's suggestion. First, Cain's [83] Motion cherry-picks cases from other districts while ignoring a case directly on point in this one. The Court therefore reminds counsel of his duty of candor to the Court. *See* L.U. Civ. R. 83.5; Miss. R. Prof. Conduct 3.3. Deposition testimony may be used in place of live testimony at trial "on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(E). But "a physician's busy schedule is generally not considered an exceptional circumstance warranting the use of deposition testimony." *Stonestreet v. United States*, No. 1:20-cv-65-LG-RPM, 2021 WL 1268375, at *2 (S.D. Miss. Apr. 6, 2021); *see also Hegwood v. Ross Stores, Inc.*, No. 3:04-CV-2674-BH, 2007 WL 102994, at *2 (N.D. Tex. Jan. 16, 2007).

Because Cain filed this motion four days before trial and precedent in this district suggests Dr. Lawin's schedule is not an exceptional circumstance, the Court DENIES Cain's [83] Motion. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 13th day of November, 2025.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE

2