IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JSH'NICE CAIN**                                                                                          **PLAINTIFF**

**v.**                                                            **CAUSE NO. 3:24-cv-00244-KHJ-MTP**

**JACKSON PUBLIC SCHOOL DISTRICT**                                           **DEFENDANT**

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(b), OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL UNDER RULE 59

Defendant Jackson Public School District ("JPS"), by and through counsel, submits this Memorandum of Authorities in Support its Renewed Motion for Judgment as a Matter of Law Under Rule 50(b), or in the Alternative, Motion for New Trial Under Rule 59.

**I.       LEGAL STANDARD**

**A.       Rule 50(b) – Judgment as a Matter of Law**

After a jury trial, judgment as a matter of law is appropriate where "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); *Kelsey Nobach v. Woodland Village Nursing Ctr, et*, 799 F.3d 374 (5th Cir. 2015). In ruling on a Rule 50(b) motion, the Court must be "especially deferential" to the verdict, reviewing all of the evidence in the record, drawing all reasonable inferences in favor of the nonmovant, without weighing evidence or making credibility determinations. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). A jury verdict must nonetheless be set aside if "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did," and the movant is entitled to judgment as a matter of law only where "the evidence points so strongly and so overwhelmingly in favor of the [moving] party that no reasonable juror could return a contrary verdict." *See Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995).

### B. Rule 59 – New Trial

A new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). In the Fifth Circuit, "[a] new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). Where "the verdict is against the great weight of the evidence" or reflects "evidence of influence by passion [or] prejudice," the court may grant a new trial. *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1242 (5th Cir. 1985) (per curiam) (citations omitted).

## II. PLAINTIFF OFFERED INSUFFICIENT EVIDENCE OF 1,250 HOURS; NO REASONABLE JURY COULD FIND SHE WAS AN "ELIGIBLE EMPLOYEE"

At trial, Plaintiff did not present competent evidence from which a reasonable jury could find that she satisfied the 1,250-hour service requirement in the 12 months before her leave commenced. Plaintiff did not introduce a summary of hours actually worked in the relevant 12-month period calculated under 29 U.S.C. § 207(e)(2).

Plaintiff failed to offer any credible calculation or documentary basis from which a jury could reasonably conclude that the 1,250-hour threshold was met. Rather, Plaintiff guessed at how many hours she may have worked, and in turn required the jury to guess as well as to whether she met the eligibility requirement.

Because eligibility—including 1,250 hours—is an essential element of any FMLA interference or retaliation claim, Plaintiff's failure of proof on this element is fatal. Without an underlying "right to leave," there was no FMLA right for Defendant to interfere with or retaliate against.

Under Rule 50(b), where the evidence on an essential element "points so strongly and so overwhelmingly in favor of the \[moving\] party that no reasonable juror could return a contrary verdict," judgment as a matter of law is required. *Kelsey Nobach v. Woodland Village Nursing Ctr, et al.*, 799 F.3d 374 (5th Cir. 2015). Because no reasonable jury could find on this record that Plaintiff met the statutory 1,250-hour requirement, the Court should enter judgment as a matter of law in Defendant's favor on all FMLA claims.

### III. THE $80,000 DAMAGES AWARD LACKS A LEGALLY SUFFICIENT EVIDENTIARY BASIS

Section 2617 authorizes back pay measured by "wages, salary, employment benefits, or other compensation denied or lost," specifically "the wages that [the plaintiff] would have earned … had he not been terminated, over the time period between his final day on the job and the date of the Court's judgment". See Lubke v. City of Arlington, 455 F.3d 489 (5th Cir. 2006); *Newcomb v. Corinth School District*, No. 1:12-cv-00204 (N.D. Miss. Mar 31, 2015); 29 U.S.C. § 2617(a)(1).

Here, Plaintiff's own evidence established that the FMLA leave at issue was unpaid; she received no salary, wages, or benefits from Defendant during the FMLA period, and she did not prove any out-of-pocket expenses or "actual monetary losses" she incurred during that period as a direct result of the alleged violation. Under § 2617 and the above authorities, Plaintiff could not recover wages "denied or lost" during a period when the requested leave itself was unpaid, nor could she recover some abstract "value" of leave unrelated to actual economic harm.

Because the leave itself was unpaid, the only potential wage loss Plaintiff could show under § 2617 was the salary and benefits (if any) she allegedly lost between (1) the end of the FMLA period and (2) the end of her contract or until she obtained comparable interim employment, whichever occurred first. *See* 29 U.S.C. § 2617(a)(1)(A)(i); *Newcomb v. Corinth School District*, No. 1:12-cv-00204 (N.D. Miss. Mar 31, 2015).

Plaintiff testified she began comparable employment at Hazlehurst School District at the beginning of the 2023-2024 school year, leaving only two months of back pay at most to which Plaintiff would be allowed to recover under the statute. Per Joint Exhibit 4, Plaintiff's gross pay per month was $4,676.87. Per the same exhibit, the employers' match for benefits totaled $2,012.65. As such, the most Plaintiff could have recovered in this action would have been $13,379.04.

On this record, no reasonable jury had a legally sufficient evidentiary basis to award $80,000 in FMLA damages.

Accordingly, as an alternative to dismissing Plaintiff's Complaint, the Court should grant Defendant's renewed motion for judgment as a matter of law under Rule 50(b), vacate the $80,000 award, and enter an amended judgment awarding no more than the maximum amount supported by the trial evidence—approximately $13,379.04.

## IV. THE MISSING-WITNESS INSTRUCTION WAS LEGALLY ERRONEOUS AND PREJUDICIAL

### A. Fifth Circuit Law on Missing-Witness Inferences

The Fifth Circuit has long held that "any inference from a party's failure to call a witness equally available to both parties is impermissible." *Labit v. Santa Fe Marine, Inc.*, 526 F.2d 961 (5th Cir. 1976). In *Labit*, the court affirmed the trial court's refusal to give a missing-witness instruction where the witness, a supervisor employed by the defendant, was physically present in court, had been deposed, and was "equally available" to both sides, holding that "[t]he propriety of giving a 'missing witness' instruction is necessarily a matter committed to the discretion of the trial judge," and that no adverse inference should be invited in those circumstances. *Labit v. Santa Fe Marine, Inc.*, 526 F.2d 961 (5th Cir. 1976).

Additionally, courts in this Circuit have reiterated that "any inference from a party's failure to call a certain witness equally available to both parties is impermissible," and have approved instructions that affirmatively tell the jury that no such inference may be drawn when the witness is equally (un)available. *United States v. McElwee*, No. 5:08-cr-00269 (W.D. La. Jan 15, 2010). The Fifth Circuit also has made clear that a missing-witness instruction is appropriate, if at all, only when the witness is (1) "peculiarly within one party's power to produce" and (2) would "provide testimony that will elucidate facts at issue"; where the testimony would likely be cumulative, an instruction is "not justified." *United States v. Rios*, 2011 U.S. App. LEXIS 5848 (5th Cir. 2011).

      B.      **The Instruction Given Here Did Not Satisfy the Fifth Circuit Test**

In this case, the Court's missing-witness instruction affirmatively authorized the jury to draw an adverse inference against Defendant based on its failure to call De'la Mayers ("Mr. Mayers"), even though the record shows that Mr. Mayers was equally available to both parties and that Mr. Mayer's anticipated testimony would have been cumulative of other evidence.

First, Mr. Mayers was not "peculiarly within Defendant's power to produce," as Plaintiff had just as much opportunity to subpoena Mr. Mayers to court if Plaintiff would have properly done so. As such, Mr. Mayers was equally available to Plaintiff as to Defendant.

Second, Plaintiff did not make the necessary showing that Mr. Mayers would have provided noncumulative testimony that would "elucidate facts at issue." The key factual issues concerning Plaintiff's FMLA request, the unpaid nature of the leave, and the end-date of her contract were fully developed through testimony of Defendant's other witnesses and documentary evidence. Any testimony from Mr. Mayers on those same topics would have been, at best,

corroborative or cumulative. Under *Rios*, a missing-witness instruction "is not justified" where the testimony would be cumulative.

### C. The Erroneous Instruction Was Prejudicial

An erroneous jury instruction warrants a new trial when it "could have misled the jury or influenced the jury's verdict." *See generally Labit v. Santa Fe Marine, Inc.*, 526 F.2d 961 (5th Cir. 1976) (treating the propriety of missing-witness instructions as a matter of trial-court discretion hinging on their effect in context); *United States v. McElwee*, No. 5:08-cr-00269 (W.D. La. Jan 15, 2010). Here, there was no evidence in the record for the jury to attach to the missing witness instruction as evidence by the jury's question during deliberation. In this context, an instruction expressly authorizing an adverse inference from Defendant's failure to call Mr. Mayers invited the jury to resolve factual ambiguities in Plaintiff's favor without evidentiary support and materially increased the likelihood of a judgment against Defendant. At a minimum, the erroneous instruction requires a new trial.

### V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Grant Defendant's renewed motion for judgment as a matter of law under Rule 50(b) on Plaintiff's FMLA claims in their entirety on the ground that Plaintiff failed to prove she was an "eligible employee," including 1,250 hours of service in the relevant 12-month period;

2. Alternatively, if the Court declines to enter judgment for Defendant on liability, grant judgment as a matter of law on damages by vacating the $80,000 award and entering an amended judgment awarding Plaintiff no more than the maximum amount of FMLA damages supported by the evidence (approximately $13,379.04);

3. In the further alternative, grant a new trial under Rule 59 on all issues;

4.     Grant such other and further relief as the Court deems just and proper.

    Respectfully submitted, November 12, 2025

    JACKSON PUBLIC SCHOOL DISTRICT

By:     s/*Brett Koehn*
    Brett Koehn (MSB #105352)
    Brett Koehn, P.C., Attorney
    736 S. President St., Ste. 201
    Jackson, Mississippi 39201
    Tel: 769-487-6264 (office)
    Tel: 601-616-7137 (mobile)
    brett@brettkoehnlaw.com
    *ATTORNEY FOR DEFENDANT,*
    *JACKSON PUBLIC SCHOOL DISTRICT*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day electronically filed the foregoing pleading or other paper with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Joel F. Dillard
JOEL F. DILLARD, PA
775 N. Congress St.
Jackson, MS 39202
601-509-1372
Fax: 601-509-1372
Email: joel.f.dillard@gmail.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Kevin Thomas Hanlon
JOEL DILLARD, P.A.
775 N. Congress St.
Jackson, MS 39202
601-509-1372
Fax: 601-509-1372
Email: kevin@joeldillard.com
ATTORNEY TO BE NOTICED

So certified, November 7, 2025

                s/*Brett Koehn*
                Brett Koehn (MSB #105352)